NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHADRACH WINSTEAD, : | |
| : | |
| Plaintiff, : | **Civil Action No. 10-5783 (SRC)** |
| : | |
| v. : | **OPINION** |
| : | |
| CURTIS JACKSON, aka, "50 CENT," : | |
| INTERSCOPE RECORDS, INC., : | |
| UNIVERSAL MUSIC GROUP, INC., G- : | |
| UNIT RECORDS, SHADY RECORDS, : | |
| AFTERMATH ENTERTAINMENT, : | |
| POLYDOR LTD., JOHN DOES 1-10 : | |
| (individuals whose identities are as of yet : | |
| unknown) and ABC CORPORATIONS 1- : | |
| 100 (heretofore unidentified corporations, : | |
| partnerships, and/or business entities), : | |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendants Curtis Jackson;

Interscope Records; UMG Recordings, Inc.; G-Unit Records, LLC; Shady Records; Aftermath

Records; and Polydor Ltd. (collectively, "Defendants") to dismiss the Amended Complaint,

pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 19].  Plaintiff Shadrach

Winstead ("Plaintiff") has opposed the motion.  This Court heard oral argument on these motions

on September 14, 2011.  For the reasons expressed below, Defendants' motion to dismiss will be

granted.

I.      BACKGROUND

In this copyright infringement action, Plaintiff alleges that Defendants' movie (the

"Film") and companion album (the "Album"), both entitled *Before I Self Destruct*, infringe upon

Plaintiff's copyright in his book, *The Preachers Son - But the Streets Turned Me Into a Gangster*

(the "Book").

Plaintiff is the author and sole owner of the copyright for the Book.  From 2007 to 2008,

Plaintiff dictated his autobiography onto electrostatic tapes, which he provided to Mary Gregory

("Gregory"), who in turn transcribed the tapes into written product.  According to Plaintiff, prior

to the Book's publication, Gregory either released the Book to Defendants, or to individuals who

provided the Book to Defendants.  Plaintiff then alleges that Defendants infringed upon the

copyright of the Book by publishing and selling the Movie and the Album, both of which

Plaintiff contends derive their content from the Book.

Based on these allegations, Plaintiff asserts claims of direct, contributory and vicarious

copyright infringement, as well as statutory and common law unfair competition,

conversion/misappropriation, and unjust enrichment.  Defendants filed the instant motion to

dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P.

12(b)(6).  In addition, Defendant Polydor Ltd. ("Polydor") seeks to dismiss the Complaint for

lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).[1]

---

[1]  The Court declines to render judgment on the personal jurisdiction issue since the case
will be dismissed against all Defendants, including Polydor, for failure to state a claim upon
which relief can be granted.

II.    LEGAL ANALYSIS

A.      **Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility.  *Bell*

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  This means that the Complaint must

contain sufficient factual allegations to raise a right to relief above the speculative level,

assuming the factual allegations are true.  *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d

224, 234 (3d Cir. 2008).  The Supreme Court has made clear that "a formulaic recitation of the

elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may

consider only the complaint, exhibits attached to the complaint, matters of public record, and

undisputedly authentic documents if the complainant's claims are based upon those documents.

*See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  The issue before the Court "is not whether

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support

of the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.      Discussion**

1.      <u>Copyright Infringement</u>

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership

of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

In the instant case, the ownership of the copyrighted property is undisputed, as is its validity.  In

addition, for the purposes of this motion, Defendants concede that they had access to the

copyrighted work and that there is substantial similarity between the works to support an

inference of unlawful copying.[2]  (Defs.' Rep. Br. 4, July 25, 2011.)  However, not all copying

amounts to copyright infringement.  To give rise to copyright infringement, a court must

determine "whether a 'lay-observer' would believe that the copying was of protectible aspects of

the copyrighted work."  *Dam Things From Denmark v. Russ Berrie & Co., Inc.*, 290 F.3d 548,

562 (3d Cir. 2002).  This test has been described as whether "the ordinary observer, unless he set

out to detect the disparities, would be disposed to overlook them, and regard their aesthetic

appeal as the same."  *Id.*

In his opposition, Plaintiff avers that the Film duplicates the generalized theme and story

of the Book and amounts to actionable copying.  However, general plot ideas and themes lie in

the public domain and are not protected by copyright law.  *Daley v. Granada US Productions*,

No. 02-2629, 2003 U.S. Dist. LEXIS 3133 at *4 (E.D. Pa. Jan. 29, 2003).  In addition, all

situations and incidents which flow naturally from a basic plot premise, known as *scenes a faire,*

---

[2]  Absent proof of direct copying, copying must be proven by showing that the defendant
had access to the allegedly infringed copyrighted work and substantial similarity between the two
works.  *Damiano v. Sony Music Entm't*, 975 F. Supp. 623, 630 (D.N.J. 1996).

are not entitled to copyright protection. *Whelan Assocs. Inc. V. Jaslow Dental Lab., Inc.*, 797

F.2d 1222, 1236 (3d Cir. 1986); *Pino v. Viacom, Inc.*, No. 07-3313, 2008 U.S. Dist. LEXIS

24453 at \*12 (D.N.J. Mar. 4, 2008) (finding elements common to both works - including the

presence of hosts who provide witty commentary on the contestants and competition and

introductory sequences that feature highlights of sporting events and sounds associated with

various sports - to be *scenes a faire* that flow from the idea of a sports-themed reality show that

pits amateurs against professional athletes); *Daley*, 2003 U.S. Dist. LEXIS 3133 at \*5 (holding

archery tournaments, sword fighting, Nottingham Castle, Sherwood Forest, and appearances by

Robin Hood and his Merry Men to be unprotectable *scenes a faire* naturally flowing from works

derived by the Robin Hood legend).  Copyright law protects a writer's expression of ideas, not

the ideas themselves. *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 908 (3d Cir. 1975).

There is no doubt that the Book and Film do share similar characters, themes, as well as a

similar setting.  However, this sharing of common features is only natural since both works

feature a protagonist who has a difficult upbringing and turns to a life of violence and street

crime, a story which has long ago been part of the public domain and which has been the subject

of numerous movies and television shows.  Thus, both works may properly contain gang life in

inner-city New Jersey, characters spending time in jail, the search for an ex-girlfriend upon

release from prison, making love in the shower, obtaining money through criminal activity,

purchasing fancy clothes and accessories with the proceeds of crime, shoot-outs, murder, and the

loss of a parent.  Moreover, a simple viewing of the two works reveals that they are entirely

different with respect to plot, mood, and sequence of events.  The Book details Plaintiff's rise

above a life of violence to achieve redemption whereas the Film portrays the protagonist's

descent into moral apathy and eventual death.  Any common themes of a young male whose

tumultuous upbringing leads him to resort to a life of crime and violence in order to gain power

and money are *scenes a faire,* or standard to any coming of age story of a young man from an

inner-city.

In addition, Plaintiff contends that direct phrases from his Book appear in the Film and

Album and are protectable under copyright law.  However, it is well-established that commonly

used words, phrases and cliches are not protectable.  *See Douglas v. Osteen*, 317 Fed. Appx. 97,

99 (3d Cir. 2009) ("words and short phrases are excluded from copyright protection"); *see also*

*Jarvis v. A & M Records*, 827 F. Supp. 282, 291-92 (D.N.J. 1993) (cliched language, phrases and

expressions conveying an idea that is typically expressed in a limited number of stereotypic

fashions, are not subject to copyright protection, nor are easily arrived at phrases and chord

progressions); *Cottrill v. Spears*, No. 02-3646, 2002 U.S. Dist. LEXIS 8823 at *33 (E.D. Pa. May

22, 2003) (elements of the work must be original and nontrivial to constitute improper

appropriation).  As a preliminary matter, Plaintiff misquotes and misstates many of the

illustrations he provides as examples of identical wording.  Further, the language that is

accurately quoted - "putting work in," names "ringing," "stash," and "get the dope, cut the dope"-

merely amounts to generic short words and phrases, common in gangster movies and hip hop

music.  The average layman, who would be observing these phrases in the context of an overall

story or song, would not regard these minute snippets as unique and protectable.  As such,

Defendants did not improperly appropriate Plaintiff's work and Defendants' motion to dismiss

the copyright infringement claim will be granted.[3]

>2.     State Law Claims

Defendants argue that Plaintiff's unfair competition, conversion/misappropriation, and

unjust enrichment claims are pre-empted by the federal copyright law.  Section 301 of the

Copyright Act explicitly preempts state laws that (1) fall within the subject matter of the federal

copyright law and protect works that are fixed in tangible medium of expression; and (2) create

legal or equitable that are equivalent to any of the exclusive rights granted to the copyright holder

and specified in section 106.  *Jarvis*, 827 F. Supp. at 296; *see* 17 U.S.C. § 301.  The issue here is

whether the state laws asserted by Plaintiff create rights which are "equivalent to" any of the

exclusive rights granted to the copyright holder under § 106.  If so, they are preempted.[4]  The

inquiry performed under the § 301 preemption analysis is as follows:

---

[3] Because the Court holds that Defendants did not infringe on Plaintiff's copyright, Plaintiff's claims of vicarious and contributory infringement fail since they hinge on a preliminary finding of direct infringement.  *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("one fringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it"); *Arista Records Inc. v. Flea World, Inc.*, No. 03-2670, 2006 U.S. Dist. LEXIS 73485 at *26 (D.N.J. Mar. 31, 2006) ("Any finding of either contributory infringement or vicarious liability by this Court hinges on the Court first concluding that vendors in the Market have directly infringed Plaintiffs' copyrighted recordings.").

[4] "Courts have generally concluded that the theory of unjust enrichment protects rights that are essentially 'equivalent' to the rights protected by the Copyright Act; thus, unjust enrichment claims relating to the use of copyrighted material are generally preempted." *Video Pipeline,* 210 F. Supp. 2d at 567.  In addition, courts interpreting 17 U.S.C. § 301 have consistently held that "unfair competition actions arising from an allegedly unauthorized copying . . . are preempted by the Copyright Act." *Tannock v. Review Trad. Corp. Inc.*, No. 85-2864, 1986 U.S. Dist. LEXIS 25963 at *11 (D.N.J. May 2, 1986).  Likewise, "misappropriation . . . is grounded in the alleged unauthorized copying and use of another's copyrighted expression, and thus fails the extra element test. *Video Pipeline*, 210 F. Supp. 2d at 565.

> [A] right which is "equivalent to copyright" is one which is infringed by the mere act of reproduction, performance, distribution or display. . . . If, under state law, the act of reproduction, performance, distribution or display . . . will in itself infringe the state created right, then such right is preempted.  But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie "within the general scope of copyright," and there is no preemption.

*Jarvis*, 827 F. Supp. at 297.  In other words, the federal Copyright Act does not preempt a claim where

> an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action . . . A state law claim is not preempted if the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 564 (D.N.J. 2002).

The factual allegations in support of Plaintiff's state law claims are premised entirely upon Defendants' copying of Plaintiff's work: Plaintiff's unjust enrichment claim is based on the "profits" arising "from the infringement of [Plaintiff's] copyright" (Am. Compl. ¶ 73), Plaintiff's unfair competition claims are based on "the misappropriation of [Plaintiff's] copyrighted materials" and "Defendants' unauthorized use of [Plaintiff's] copyrighted materials" (Am. Compl. ¶¶ 72, 70), and Plaintiff's conversion/misappropriation claim is based on Defendants' purchase and possession of Plaintiff's Book for their own use.  (Am. Compl. ¶ 66).  Plaintiff fails to distinguish the underlying factual predicate of his infringement claim with that of his state law claims.  Accordingly, Plaintiff's state law claims are preempted by the Copyright Act and will be dismissed.

**III.    CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss.  An

appropriate form of Order will be filed together with this Opinion.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge

DATED: September 20, 2011